Cordero *v.* The Porto Rico Publishing Company.

Appeal from the District Court of San Juan.

No. 31.—Decided October 17, 1905.

Unlawful Detainer—Procedure for the Prosecution of Civil Actions.—An action of unlawful detainer as well as civil actions of all kinds must be prosecuted under the ordinary procedure provided for by the new Code of Civil Procedure.

Id.—Uniting Causes of Actions—Payment of Rents.—An action of unlawful detainer and an action to recover payment for rents due and unpaid, are two actions which are capable of being united and which may be prosecuted under one complaint in accordance with the provisions of section 104 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Monserrat* for respondent.

Mr. Chief Justice Quiñones delivered the opinion of the court.

This is an appeal taken by a publishing firm, which did business in this city under the style of The Porto Rico Publishing Company, from a judgment rendered by the District Court of San Juan, in action brought against it by Josefa Cordero de Ledesma, to cause it to vacate a house and pay

rent due, in which action the defendant company was adjudged to vacate the house in question and to pay the rent claimed, and costs.

The action, the origin of these proceedings, was brought on December 1, 1904, by Jose Santisteban y Trueba, as the attorney in fact of Josefa Cordero de Ledesma, and represented by Attorney Damian Monserrat, for the purpose of having the publishing house referred to adjudged to vacate the lower floor of house No. 64 Tetuan street, in this city, the property of the plaintiff, which she had rented to the publishing house, through its representative, Manuel F. Rossy, for the price of $50 payable at the end of every month, the company to pay also for the water from the aqueduct which it might use, and also to have it adjudged to pay the $850 to which the back rental amounted and which the defendant company had failed to pay, corresponding to the seventeen months preceding the action; that is to say, corresponding to July, August, September, October, November and December of 1903, and January to November of 1904, plus $34.20 which the plaintiff had been obliged to pay to the municipality for the water consumed by the defendant company, both sums making a total of $884.20, and in addition the costs of the execution of the judgment.

In support of the complaint the plaintiff advanced the following provisions of law:

"1. Civil actions can be commenced within the period prescribed in the law, after the cause of action shall have accrued. (Section 37 of the Code of Civil Procedure.)

"2. The plaintiff may unite several causes of action when they all arise out of contracts, express or implied, and claims to recover specific real property and the rents and profits thereof. (Section 104 of the same law.)

"3. When two or more persons, associated in any business, transact such business under a common name, whether it comprise the names of such persons on not, the associates may be sued by such com-

mon name, the summons in such case being served on one or more of the associates.    (Section 73 of the same law.)

"4. In a contract of lease the lessee is obliged to pay the rent in the manner agreed upon; in this case it is $50 payable at the end of each month, and, in addition, the cost of the water consumed during each of said periods.    (Section 1458 of the Civil Code.)

"5. Should a term of lease not have been fixed, it is understood to be for years, when an annual rent has been fixed; for months, when the rent is monthly; and for days, when it is daily.    In this case the rent is payable monthly, and, consequently, the contract is terminated at the end of each month, the lease also terminating without the necessity of notice, and especially so when there is in addition default in the payment of the rent agreed on.    (Section 1484 of said Civil Code.)

"6. The obligations arising out of contracts have the force of law between the contracting parties and they must comply with the same in accordance with the terms thereof.    If The Porto Rico Publishing Company entered into a contract of lease for the lower floor of the house at 64 Tetaun street with the owner of said property, and agreed to pay $50 per month, in addition to the water, and now owes, on account of failure to pay, the rent due for the last seventeen months and the amount due for the water consumed, which together make a total of $884.20, it is clear and evident that said company should be required to comply with the agreement made, and also pay the costs and expenses."

The defendant company having been summoned in due form to appear and make answer to the complaint within the legal term, it failed to do so, for which reason its default was entered on the petition of the plaintiff, and the district court, on the petition of the same party, rendered the following judgment:

"*Judgment.*—On this 20th day of January, 1905, this case was called for trial in the order on the docket, and the plaintiff entered an appearance through her counsel, who announced that he was ready to proceed.    The defendant, who had been duly summoned and whose default has been duly entered, was not present.    Counsel for the plaintiff made his allegations and submitted his evidence, which was admitted, and then made an oral argument.    And the court hav-

ing considered the case, is of the opinion that the facts and the law are in favor of the plaintiff and by virtue thereof renders judgment, ordering, as it hereby orders, the defendant to vacate the place or house numbered 64, on Tetuan street, in this city, within the period of fifteen days, leaving it at the free disposal of the owner thereof, the plaintiff; and likewise ordering, as it orders, the said defendant, The Porto Rico Publishing Company, to pay to said plaintiff, Josefa Cordero y Ledesma, the sum of $884.20 which the defendant owes her on account of rent of said place due and unpaid. The costs are taxed against the defendant. It is ordered that execution issue for the enforcement of this judgment. Delivered in open court this 31st day of January, 1905."

From this judgment the defendant company took an appeal through its attorney and counsel, Manuel F. Rossy, and the proper record having been transmitted to this superior court, he presented his brief and prayed that the judgment appealed from be annulled and the District Court of San Juan directed to render a new judgment conforming to law, advancing the following provisions of law in support of his petition:

"1. The Code of Civil Procedure in force did not repeal all of the former Law of Civil Procedure, but left in force the rules of procedure for certain special actions, as actions of unlawful detainer. The procedure, therefore, in an action of unlawful detainer, must conform to the former law, subordinating it, however, to the general procedure of actions established in the new Code as to the manner of filing the complaint, the summoning of the defendant, the holding of the trial, the evidence and the judgment. This is corroborated by the fact that the same Legislature which passed the new Code of Procedure also enacted another law of special proceedings, among which was that relating to an action of unlawful detainer; and this law, notwithstanding its approval by the Governor, could not be published because it lacked the enacting clause required by the Foraker Act. The said plaintiff recognizes this impliedly in preparing her complaint in accordance with the former law, that is to say, with *statements of fact and conclusions of law* and in calling her complaint an *action of unlawful detainer*. So that the special procedure relating to actions of unlawful detainer contained in the former Law

of Civil Procedure must be applied to actions of this character, and the violation thereof renders the same null and void.

"2. A judgment in actions of unlawful detainer should state only whether the dispossession does or does not lie, and upon such a judgment becoming final, then the judge will warn the defendant that he will be ejected if he should fail to vacate the premises within a period of fifteen days, which is the proper period in this action, because an industrial establishment is involved. Article 1594 of the former Law of Civil Procedure so provides. There is no doubt that the court has; violated this article in ordering the defendant in its judgment to vacate the premises within fifteen days. This period should not have been stated in the judgment for the legal reason we have just set forth, which is so evident that the plaintiff herself asks in her complaint only what she should ask, namely, that the premises be ordered vacated."

A day having been set for the hearing, it took place with the attendance of counsel for the respondent only, who contested the appeal and prayed for the affirmation of the judgment, with the costs against the appellant.

Passing now to an examination of the question which counsel for the appellant raises, the latter maintains in his brief that the new Code of Civil Procedure not having repealed the special proceedings established in the former Law of Civil Procedure, among which is included an action of unlawful detainer, these proceedings should have conformed to the procedure established in the said former law, although following the general procedure of actions established by the modern Code of Civil Procedure, with regard to the manner of filing the complaint, the summoning of the defendant, the holding of the trial, the evidence and the judgment; and, consequently, that this method of procedure not having been followed in this case, the judgment rendered by the District Court of San Juan adjudging the defendant, now the appellant, to vacate the premises as prayed by the plaintiff and to pay the costs, is null.

But if, as counsel for the appellant maintains, the procedure in actions of unlawful detainer, after the publication

of the new Code of Civil Procedure, should have continued to conform to the procedure established in the old law, although based on the new procedure established by the modern law of procedure, this means that the special and peculiar procedure established by the old Law of Civil Procedure, which constituted a special procedure for actions of unlawful detainer, had completely disappeared until the publication of the new law relating to unlawful detainer, and that to compel a tenant to vacate, or to exercise any other action whatsoever, it was necessary to have recourse to an ordinary action, the only one established by the Code of Civil Procedure for the exercise of civil actions of all kinds.

Furthermore, whatever may be the opinion which each individual person has formed upon the mooted question of whether or not the special procedure of the former Law of Civil Procedure has been in force since the publication of the new Code of Procedure, the undersigned judge is of the opinion that it is useless to discuss this question in this case, inasmuch as the plaintiff having selected the ordinary action established by the modern Code of Civil Procedure to compel the defendant company to vacate and pay the rent due and unpaid, it is clear that the procedure followed by the plaintiff is perfectly correct, and the judgment rendered by the District Court of San Juan very just, because the plaintiff was authorized to do so, not only by the former procedure which did not oppose the institution of a declaratory action for the purpose of dispossessing a tenant, upon the termination of the contract of lease for any legal cause, and the payment of rent due and not paid; but also by the new Code of Civil Procedure which provides only one form of action for the exercise of all kinds of actions, and which authorizes the plaintiff to unite them in a single complaint, provided they have the requisites prescribed in section 104 of said code, as occurs in this case, because the rights of action exercised in the complaint to compel the tenant to vacate the house and to pay the rent due and not paid, have as an object the return

of the thing leased with the rents thereof due and unjustly withheld by the lessee, which is precisely one of the cases in which causes of action may be united in accordance with said Code of Civil Procedure now in force.

As neither the procedure followed by the plaintiff in this action nor the judgment rendered therein by the District Court of San Juan, contains a defect rendering it null, as alleged by counsel for the appellant, nor any other defect, inasmuch as the pronouncements of said judgment conform perfectly to the provisions of law, the undersigned judge is of the opinion that this court should affirm the judgment appealed from, with the costs against the appellant.

*Affirmed.*

Justices Hernandez, Figueras, MacLeary and Wolf concurred.